Filed 12/14/23  Marriage of Gethin CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re the Marriage of AURORA and SHAUN GETHIN. | |
| AURORA GETHIN,<br><br>       Appellant,<br><br>v.<br><br>SHAUN GETHIN,<br><br>       Respondent. | A168083<br><br>(Alameda County<br>Super. Ct. No. HF18890606) |

**MEMORANDUM OPINION**

On March 27, 2023, the trial court issued a child custody order denying the request of appellant Aurora Gethin (mother) to receive two additional days of custody each month of the five minor children she shares with her former spouse, respondent Shaun Gethin (father).[1]  Mother has filed an

---

[1] Under the governing custody order, the parents share legal and physical custody of the children.  However, father has primary custody of the children during the week while mother has custody from 9 a.m. Wednesday to 9 a.m. Saturday.  Mother's unsuccessful request, the subject of this appeal, sought additional custody of the children two Saturday overnights each month.  We decline to recite the full factual and procedural background of this case for purposes of this opinion because the opinion is unpublished and the parties know or should know the case's underlying facts and procedural history.  (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished

1

opening brief in propria persona in which she challenges this order on the grounds that the trial court failed to adequately consider the children's best interest, improperly modified an earlier court order by a different family court judge regarding how parents were to select a coparenting counselor, and failed to order a follow-up hearing to address ongoing issues relating to the children's custody and the parties' participation in coparent counseling. Father declined to file a respondent's brief. Having reviewed the relevant record, we now affirm.

On March 3, 2023, the parties met separately with the court-appointed mediator, Supervising Family Court Counselor Shamont Hussey, LCSW, to discuss several issues, including the parties' inability to decide on a coparent counselor, mother's request for two additional days of custody each month, and mother's concerns regarding the parties' eldest son's refusal to abide by the court order that he spend more than half the week at father's home due to what mother deemed the combative nature of the father–son relationship. The mediator subsequently issued a report in which he recommended no change to the current custody schedule due to the children's need for consistency and predictability. The mediator further recommended that the custody schedule be reconsidered once parents completed six coparent counseling sessions, noting that any schedule change should occur during an extended break from school, such as winter or summer break, to avoid undue disruption to the children's schedule. Finally, with respect to the strained relationship between father and the eldest son, the mediator recommended that the child be encouraged but not forced to abide by the court-ordered

---

opinion that simply reviews the correctness of the lower court decision "does not merit extensive factual or legal statement"].)

custody schedule and that the child enroll in individual therapy with a focus on strained parent–child relationships.

On March 27, 2023, the trial court heard mother's request to modify the prior court order regarding child custody. The court considered the mediator's March 3, 2023 report and permitted both parties to testify. Among other things, father expressed opposition to granting mother two additional custody days per month, explaining, inter alia, that the children were currently "in a good state with . . . their extracurricular [activities] and their academics and I do not want to bring upon them another change at this time." Mother, in turn, complained about father's parenting style, which she described as "confrontational and aggressive."

Afterward, the court adopted the recommendations set forth in the mediator's report with two minor modifications: (1) with respect to the mandatory coparent counseling sessions, the court ordered that if the parties could not agree on a counselor, they were to submit the names of two counselors by April 7, 2023, to permit the court to select one and, similarly, (2) with respect to the court-ordered individual therapy for the eldest son, the court ordered that if the parties remained unable to agree on a therapist, they were to submit two names by April 7, 2023, so that the court could make the final selection. Otherwise, all previous orders, including the custody order, were to remain in place. The court's order further stated, "No further dates shall be set in this matter."

On May 15, 2023, following a contested hearing, the trial court denied mother's motion for reconsideration of the March 27, 2023 order. Accordingly, on June 14, 2023, mother filed the operative notice of appeal.

On appeal, mother has identified no meritorious grounds for disturbing the court's order. Among other things, this order was consistent with the

3

mediator's recommendations to maintain the current custody schedule and to require the parties to participate in coparent counseling. As reflected in the mediator's report, the recommendations were based on the mediator's consideration of the children's best interests, including their need for consistency and predictability and the parents' need for coparent counseling to improve their communication skills prior to any scheduling change. Before adopting these recommendations, the court heard from both parties, each of whom expressed their view as to the children's best interests with respect to the family's custody arrangement. The court thus had a reasonable basis for denying mother's request for two additional days of custody per month. (*In re Marriage of Fajota* (2014) 230 Cal.App.4th 1487, 1497 [child custody orders are reviewed only for abuse of discretion, which occurs "if there is no reasonable basis on which [the court] could conclude that its decision advanced the best interests of the child" or if the court "applies improper criteria or makes incorrect legal assumptions" (italics omitted)]; see *Burchard v. Garay* (1986) 42 Cal.3d 531, 535 ["[the court] should preserve the established mode of custody unless some significant change in circumstances indicates that a different arrangement would be in the child's best interest. The rule thus fosters the dual goals of judicial economy and protecting stable custody arrangements"].)

None of mother's arguments persuades us otherwise. First, the record, discussed *ante*, belies mother's claim that the court failed to adequately consider the children's best interests in denying her request. Second, while mother complains that a different family law judge heard her request than the judge who was previously assigned to the case, she identifies no prejudice arising from the new assignment. Nor do we find prejudice. To be sure, we agree with mother that, as a matter of policy, the family court should strive

4

to have one judge preside over a family law action for its duration. However, contrary to mother's suggestion, there is no rule of court that forbids the assignment of multiple judges in these actions. (Cal. Stds. Jud. Admin., § 5.30(b) ["To the extent possible, family law actions related to the same family should be assigned to the same judicial officer for all purposes, so that all decisions that are made in a case through final judgment are issued by the same judicial officer"].) And, in the absence of prejudice, the mere fact of multiple judicial assignments does not warrant reversal. (See *In re Marriage of Pearlstein* (2006) 137 Cal.App.4th 1361, 1371 ["A trial court's determination to grant or deny a request for modification of a child support order will be affirmed unless the trial court abused its discretion, and it will be reversed only if prejudicial error is found from examining the record below"].)

Finally, mother faults the mediator and the court for failing to include a "date or time frame for the outstanding issues to be discussed." Without such date or time frame, mother complains, there is no means to enforce the parties' compliance with the court-ordered six sessions of coparenting counseling. We disagree. As with any custody order, it is enforceable or modifiable by the court based upon a proper showing by the petitioning parent. (Fam. Code, § 3022 ["The court may, during the pendency of a proceeding or at any time thereafter, make an order for the custody of a child during minority that seems necessary or proper"]; *Burchard v. Garay, supra*, 42 Cal.3d at p. 535.) However, in the absence of such a showing, the current custody order stands.

## DISPOSITION

The March 27, 2023 order denying mother's request to modify the governing child custody order and the related May 15, 2023 order denying her request for reconsideration are affirmed.


Jackson, P. J.


WE CONCUR:

Burns, J.
Chou, J.

A168083/*Gethin v. Gethin*

6